UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTURO OSIEL VALENCIA
BARRERA,

                  Plaintiff,

      v.

PEACEHEALTH ST. JOSEPH MEDICAL
CENTER, et al.,

                 Defendants.

CASE NO. 2:26-CV-174-RAJ-DWC

ORDER TO SHOW CAUSE

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. On January 15, 2026, Plaintiff initiated this action by filing a motion to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkt. 3, 3-1. The Court has reviewed the proposed complaint and the records of this Court. Upon the Court's review, this case appears to be duplicative of Plaintiff's previously filed civil rights action in *Valencia Barrera v. Whatcom County Jail,* No. 2:25-cv-2129-JNW-TLF (W.D. Wash filed Oct. 21, 2025), which is currently referred to the Court's Pro Bono Panel for appointment of voluntary counsel.

**I.      Discussion**

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain

ORDER TO SHOW CAUSE - 1

two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See, e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

An action is duplicative of an earlier filed action if it arises from the same core set of operative facts and involves the same parties and claims, or claims that could have been brought in the earlier action. *Id.* at 688–89. Stated simply, a litigant may not file a second lawsuit based on the same events against the same defendants while the first case remains pending. The proposed complaint in this action appears to rely on the same core set of facts at issue in Plaintiff's previously filed case, and merely expands upon those same underlying events. *Compare* Dkt. 3-1 *with Valencia Barrera,* No. 2:25-cv-2129-JNW-TLF, at Dkt. 11. In addition, two of the defendants named in this action—Whatcom County Sheriff's Office and the Medical Department of the Whatcom County's Downtown Facility—are also named as defendants in Plaintiff's earlier-filed suit. *Id*. Given the overlap of both the operative facts and the parties, the Court finds this case is duplicative of Plaintiff's previously filed civil rights action.

To the extent Plaintiff seeks to raise additional claims based on the same events, the proper course is not to file a new lawsuit. Instead, Plaintiff must amend his complaint in the earlier-filed action in accordance with Rule 15 of the Federal Rule of Civil Procedure.[1]

---

[1] Federal Rule of Civil Procedure 15 states:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

ORDER TO SHOW CAUSE - 2

**II.    Instructions to Plaintiff**

Accordingly, Plaintiff is ordered to show cause why this action should not be dismissed as duplicative. In the alternative, Plaintiff may file a notice with the Court stating he wishes to close this case and intends to amend the complaint in his previously filed action. If Plaintiff fails to adequately respond to the issues raised herein on or before March 23, 2026, the undersigned will recommend dismissal of this action without prejudice.

Dated this 19th day of February, 2026.

David W. Christel
United States Magistrate Judge

---

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

ORDER TO SHOW CAUSE - 3